### BROWN v. PULLEN.

(Circuit Court of Appeals, Ninth Circuit. May 5, 1919.)

#### No. 3201.

TRIAL ⬥═253(5)—INSTRUCTIONS—IGNORING ISSUES.

The complaint alleging work for a time under employment at a certain wage, a certain payment, and a certain balance due; and answer denying such wage was stipulated, and alleging agreement was for a certain lower wage, and that plaintiff has been paid in full, an instruction that it is either $60 a month—the contract alleged by plaintiff and denied by defendant—or nothing is erroneous, as taking from the jury the question whether plaintiff had been paid the wages at the rate alleged by defendant to have been stipulated, exceeding the amount alleged in the complaint to have been paid.

In Error to the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

⬥═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Tom Brown against Harriet S. Pullen. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

J. H. Cobb, of Juneau, Alaska, for plaintiff in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error brought an action against the defendant in error to recover a balance of wages, alleging that on December 3, 1915, he was employed by the defendant in error to work at $60 per month, and at that rate worked for her until June 4, 1916, and that from that date until June 11, 1917, he worked for her at the agreed wages of $65 per month; that he had been paid $288, and that there was a balance due him of $869, for which judgment was demanded. The answer denied that the stipulated wages were $60 per month and $65 per month, and alleged that the wages agreed upon were $1 per day for the entire period. The answer further alleged that the plaintiff in error had been paid in full by payments made from time to time, and that on June 13, 1917, defendant in error settled with him, and that he accepted her last payment in full satisfaction of all claims against her. This was denied in the reply.

The court instructed the jury:

"It is either $60 a month, or it is nothing. It is the contract which he alleges, and the contract which she denies, that he relies on, and you cannot split the difference. You cannot do anything of that kind. It is $60 a month, or it is not $60 a month. If it is not $60 a month, then the plaintiff cannot recover."

This instruction was excepted to, and is assigned as error. The instruction was error. It took from the jury the question whether or not the plaintiff in error, even if he contracted to work at $1 per day, had been paid. If he was working at $1 per day, and had been paid but $288, as he alleged and testified, there was still a balance due him of $276. The defendant in error testified that she had paid him this balance. He denied it, and he was entitled to the verdict of the jury on the issue thus presented.

The judgment is reversed, and the cause is remanded for a new trial.